State v. Parks.                              *61 N. J. L.*

On *certiorari* to the Union Common Pleas.

Argued at February Term, 1898, before Justices DIXON and COLLINS.

For the prosecutor, *Craig A. Marsh.*

---

### THE STATE v. CHARLES PARKS.

1. The fact that an indictment against several defendants for keeping a disorderly house charged them with keeping it "for *his* own lucre and gain," instead of *their* own lucre and gain, affords no ground for quashing the indictment when the making of gain was not necessary to render the practices carried on in the house illegal.
2. The caption of an indictment need not contain the name of the person indicted.

On motion to quash indictment.

Argued at February Term, 1898, before Justices DIXON and COLLINS.

For the state, *Wilbur A. Heisley*, prosecutor of the pleas.

For the defendant, *Frederic W. Ward* and *Edmund Wilson.*

The opinion of the court was delivered by

DIXON, J. The defendant, having been indicted with others for keeping a disorderly house, moves to quash the indictment because it charges the *defendants* with keeping the house "for *his* own lucre and gain," instead of *their* own lucre and gain.

It seems to be superfluous to charge that a disorderly house is kept for gain, unless the making of gain be necessary to render the practices carried on in the house illegal. If a person, for amusement only, keeps a house as a public resort, for practices injurious to public morals or destructive of public quiet, he is indictable. *State* v. *Williams,* 1 *Vroom* 102. Hence this whole clause may be rejected as meaningless, and still an indictable offence will be alleged. Besides, the fault pointed out is merely one in grammar, which does not obscure the meaning, and such an error will not vitiate an indictment. 10 *Am. & Eng. Encycl. L.* 548.

Another reason assigned for quashing the indictment is that the caption does not contain the name of this defendant. But if it otherwise identifies the indictment as one duly found and presented, that is sufficient. *State* v. *Jones,* 4 *Halst.* 357. No question is raised about its containing the proper averments for this purpose.

The motion to quash must be denied.

Let the indictment be remitted to the Monmouth Quarter Sessions for trial.